D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------x

**WEIYU (TIM) LIU and JENNIFER LIN, on behalf of themselves and others similarly situated,**

**Plaintiffs,**

**v.**

**MIHANA JAPANESE INC. and MICKEY YOU,**

**Defendants.**

--------------------------------------------------x

**CASE NO. 1:26-CV-1590**

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and all others similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**THE PARTIES**

3. Defendant Mihana Japanese Inc. LLC is a New York limited liability company that owns and operates Mihana restaurants ("Mihana") located in Woodbury, NY and Commack, NY.

4. Defendant Mihana Japanese, Inc. LLC has an annual gross volume of sales in excess of $500,000, and it has employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce.

5. Defendant Mickey You is an owner of Mihana and actively manages the restaurants. Defendant You is regularly present at both restaurants. He has authority to hire, fire, and set the rate of pay and the terms of employment for Plaintiffs. For example, Defendant You terminated both Plaintiffs' employment. Defendant You is responsible for Mihana's payroll practices, and he supervises the Restaurants' general managers who handle day to day issues.

6. Plaintiff Weiyu ("Tim") Liu was employed by Defendants as a server in Woodbury from July 2025 to February 2026.

7. Plaintiff Jennifer Lin was employed by Defendants as a server from September 2025 to January 2026.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

8. Plaintiffs brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt service employees employed by Defendants on or after the date that is three years before the filing of the Original Complaint in

this case as defined herein ("FLSA Collective Plaintiffs").

9. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully stealing their tips. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

10. The First Claim for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendants.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

11. Plaintiffs brings the Second, Third, and Fourth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt service employees employed by Defendants on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

12. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendant's records. For

purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

13. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

14. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime, and spread of hours compensation, of requiring Class members to split tips with tip ineligible employees, and of failing to provide adequate wage notices and statements. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

15. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

16. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

17. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.

Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

18. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay Plaintiffs and the Class members for their work.

c) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the tip pool and tip allocations for Plaintiffs and the Class members.

d) Whether Defendants paid Plaintiff and the Class members the state minimum wage for all hours worked.

e) Whether Defendants paid Plaintiff and the Class members the spread of hours premium when their workdays exceeded 10 hours.

f) Whether Defendants provided Plaintiffs and the Class members with adequate wage notices and wage statements.

g) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the type and amount of labor Plaintiffs and the Class members were required to perform.

h) Whether Defendants retained a portion of Class members' tips.

## FACTS

19. Plaintiffs' Consent to Sue forms are attached hereto in Exhibit A.

20. Defendants committed the following alleged acts knowingly, intentionally and willfully.

21. Defendants knew that nonpayment of minimum wage and misappropriation of tips would economically injure Plaintiffs, FLSA Collective Plaintiffs, and the Class, and violated federal and state laws.

22. Plaintiffs worked as servers at Mihana in Woodbury.

23. Defendants required Plaintiffs to pool their tips with all of the other tipped employees at the Restaurant.

24. Each night, Defendants retained a significant portion of the tip pool for the "house." Below is an example of the nightly distribution sheet evidencing this tip theft:



(11)
2025-12-03 21:32:27

| 0 | | CC | Cash |
|---|---|---|---|
| 1 | Summer | 116.32 | 40 |
| 2 | Feng | 116.32 | 40 |
| 3 | Will | 116.32 | 40 |
| 4 | Lily | 116.32 | 40 |
| 5 | Tim | 57.71 | 27 |
| 6 | Jin | 57.71 | 27 |
| 7 | | | |
| 8 | | | |
| 9 | House | 144.26 | / |

25. During the statutory period, Defendants paid all tipped employees, including Plaintiffs, an hourly wage that was less than the full New York Minimum Wage.

26. However, Defendants were not entitled to pay tipped employees the lower foodservice workers' minimum wage because Defendants failed to provide them with written notice that Defendants were taking a tip credit from the minimum wage.

27. Defendants were required to provide written notice of the tip credit at the beginning of Plaintiffs' and the other tipped employees' employment, but Defendants failed to do this.

28. Defendants were also required to provide written notice of the tip credit whenever the tip credit changed, which occurred periodically during the statutory period, but Defendants failed to do this.

29. In fact, Defendants never provided Plaintiffs or the Class members with wage notices, as required by NYLL § 195(1). As a result, Defendants' payment of the tip credit minimum wage was an underpayment.

30. Plaintiffs often worked double shifts that started at 11:00 a.m. and ended at about 11:00 p.m.

31. Defendants did not pay Plaintiffs New York's "spread of hours" premium when their workdays lasted longer than 10 hours.

32. Defendants knowingly committed the foregoing acts against the Plaintiffs, FLSA Collective members, and members of the Class.

**FIRST CLAIM FOR RELIEF**
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

33. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

34. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

35. Throughout the statute of limitations period covered by these claims, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiffs and the FLSA Collective Plaintiffs.

36. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.***
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

37. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

38. Defendants knowingly paid Plaintiffs and the Class members less than the New York State minimum wage for every hour worked.

39. As a result of Defendant' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**THIRD CLAIM FOR RELIEF**
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d and 198-b)**
**(Brought By Plaintiffs on Behalf of Themselves and the Class)**

40. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

41. Throughout the statute of limitations period covered by these claims, Defendants knowingly and willfully retained/misappropriated gratuities belonging to Plaintiffs and the Class members.

42. Plaintiffs, on behalf of themselves and the Class members, seek damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the NYLL, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**(New York Wage Notice and Statement Requirements,**
**N.Y. Lab. L. §§ 195, 198**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

43. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

44. Defendants did not provide Plaintiffs and the members of the Class with wage notices and statements that contained the required information under N.Y. Lab. Law § 195.

45. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**(New York Spread of Hours Violations, 12 NYCRR § 146-1.6)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

46. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

47. Defendants did not pay Plaintiffs and the Class Members' New York's spread of hours premium when their workdays spanned more than 10 hours.

48. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiffs as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663, 740 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
February 25, 2026

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By:/s/*D. Maimon Kirschenbaum*__
D. Maimon Kirschenbaum
42 Broadway, Suite 320
New York, NY 10006
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.