# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Michael DiGiulio
Leah Seliger

45 Broadway, Suite 320
New York, NY 10006
Phone 212) 688-5640
Fax (212) 981-9587
www.jk-llp.com

July 6, 2026

**VIA ECF**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> **Re:** ***Liu et al v. Mihana Japanese Inc. et al*,**
> **26-cv-01590 (VSB)**

Dear Judge Broderick,

We represent Plaintiffs Weiyu (Tim) Liu and Jennifer Lin ("Plaintiffs") in the above-referenced matter. We submit this letter to respectfully request that the Court (1) approve the Settlement Agreement and Release ("Agreement") as a fair and reasonable resolution of a bona fide dispute in accordance with, *inter alia*, the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") under *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015), and (2) So Order the parties' stipulation of dismissal. The Agreement is submitted herewith as Exhibit 1, and the Parties' Stipulation of Dismissal is attached as Exhibit A to the Agreement.

Plaintiffs allege that they worked at Defendant Mihana Japanese Inc. ("Mihana") restaurant and for its owner/operator, Mickey You (collectively with Mihana, "Defendants") as a tipped food-service employees between July 2025 and February 2026.  In their Complaint, Plaintiffs allege that Defendants:

(a) Failed to properly pay minimum wage and overtime premiums because they unlawfully took advantage of a tip credit under New York law despite failing to properly notify Plaintiffs that a tip credit was being applied to their wages. *See* New York Codes Rules and Regulations ("NYCRR") § 146- 1.3;[1]

---

[1]  While not explicitly pled in the fact section of Plaintiffs' complaint, Defendants produced documents which exhibit that they shaved employees' time as well. While these claims are covered by the minimum wage allegations set

(b) Unlawfully required Plaintiffs to share tips with the restaurant, in violation of 29 U.S.C. § 201, *et seq*. and N.Y. Lab. Law 196-d;

(c) Failed to pay Plaintiffs any spread of hours pay, in violation of NYCRR 146-1.6; and

(d) Failed to provide Plaintiffs with the appropriate wage notices and wage statements as required under N.Y. Lab. Law §§ 195(1) and 195(3).

*See* ECF No. 1.

As set forth in the Agreement, the Parties agreed to settle Plaintiffs' claims for $60,000. On March 27, 2026, the Court issued and a Mediation Referral Order for Cases Filed Under the FLSA (the "Order"). ECF No. 11. The Parties followed the Court's directions in that Order and attended a mediation on May 28, 2026 at the conclusion of which they were able to reach a settlement. In compliance with the Order, prior to the mediation, the Parties were required to and did produce all payroll records in their possession. Specifically, prior to engaging in settlement negotiations, Defendants produced Plaintiffs' time records, paychecks and daily tip sheets. Based on the documents produced and Plaintiffs' own reasonable recollections, Plaintiffs and their counsel were able to fine tune their damages calculations prior to mediation.

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012).

Here, the Agreement is reasonable and should be approved because it is a fair compromise of disputed claims in light of the risks in this case. As set forth in the copy of an Excel spreadsheet attached hereto as Exhibit 2, Plaintiffs' "best case" actual compensatory damages for FLSA claims based on the allegations in the Complaint are approximately $23,994.05 ($9,317.99 for tip disgorgement and $14,676.06 for wage violations). In fact, Plaintiffs' "best case" scenario wage and hour compensatory damages under both federal and state law are roughly $25,702.05. In addition, as set forth in the attached spreadsheet, Defendants could be liable to pay Plaintiffs significant penalties, bringing plaintiffs maximum recovery to approximately $71,404.11. These figures are based on allegations that Defendants contest and which carried risks. Specifically, Defendants contend that they paid Plaintiffs for all hours they worked, including overtime and that they did not unlawfully retain tips. Thus, Plaintiffs faced legal and factual risks on their primary claims. Nonetheless, the settlement amounts to more than 84% of Plaintiffs' maximum recovery and, after attorneys' fees (if approved), Plaintiffs will receive over $39,000, *i.e.*, more than 100%

---

forth in the complaint, Plaintiffs intended to amend their complaint to explicitly set forth facts of the time-shaving violations if the case had not settled.

2

of the maximum unpaid wages ($25,702.05) they could recover under the FLSA *and* NYLL, as well a significant portion of liquidated damages may have been entitled to.

Plaintiffs' claims were properly settled at a discount, as there was also substantial risk that Defendants would be unable to pay any more than the amount that the Parties settled.  To be sure, Defendants operate a small restaurant, and it is common knowledge that the hospitality industry has very narrow margins. Accordingly, Plaintiffs faced substantial risks of collections if they pursued their claims to judgment.

This settlement was the result of arm's-length negotiations at the conclusion of a Court Ordered mediation and following fulsome document productions by both Parties, as well as conversations between counsel related to the documents the Parties produced. Thus, Plaintiffs were able to fairly evaluate the strengths and weaknesses of their claims and the ultimate settlement. The litigation was aggressively and expeditiously litigated and finally resolved pursuant to the Court' discovery and mediation Order and prior to any formal discovery or motion practice.

The agreement provides for a limited release whereby Plaintiffs release *only* claims they could have alleged in this Action. *See* Agreement at ¶ 3. Courts in this Circuit have routinely found such limited releases to be "proper and appropriate" in FLSA settlements. *Wiles v. Logan Staffing Sols.*, No. 18-CV-9953(RA), 2020 U.S. Dist. LEXIS 36485, 2020 WL 996735, at *2 (S.D.N.Y. Mar. 2, 2020) (approving a release limited to unpaid wages); *Yunda v. SAFI-G, Inc.*, No. 15 Civ. 8861(HBP), 2017 WL 1608898, at *3 (S.D.N.Y. Apr. 28, 2017) (approving of a release which is limited to FLSA claims).

Finally, the Agreement provides for reasonable attorneys' fees and costs to Plaintiffs' counsel. Under the Plaintiffs' retainer agreement with our firm, we are entitled to apply for our costs and one-third of the settlement (after costs) as attorneys' fees.  In this case, Plaintiffs' counsel seek attorney's costs of $582 for the filing and service of the Complaint as well as $20,000 (*i.e.*, one-third of $60,000). Given that Plaintiffs are recovering all their compensatory damages *after* attorneys' fees, the concerns with respect to attorneys' fees set forth in *Cheeks* are simply not applicable to this case. In any event, the fees counsel seeks are reasonable as set forth below.

The proposed fee award of one-third of the settlement amount should be approved because it was consensual and agreed to by the Plaintiffs. A request for a one-third fee is also consistent with Plaintiffs' retainer agreement. *See Mireku v. Red Vision Sys., Inc.*, No. 11 Civ. 9671, 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (noting the consensual nature of the fee arrangement); *see also Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 Civ. 3234, 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) ("Pursuant to plaintiff's retainer agreement with counsel, the fee is one-third of the settlement amount, plus costs. This fee arrangement is routinely approved by courts in this Circuit.").

Moreover, "one-third contingency fees . . . are commonly accepted in the Second Circuit in FLSA cases." *Ashby v. Go N.Y. Tours Inc.*, 2017 U.S. Dist. LEXIS 137151, at *6 (S.D.N.Y. Aug. 22, 2017) (quoting *Najera v. Royal Bedding Co., LLC*, No. 13 Civ. 1767 (NGG) (MDG), 2015 U.S. Dist. LEXIS 71877, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015)). *See also, e.g., Binita Sharma v. Eyebrows on 125th, Inc.*, No. 23-CV-10309 (VSB), 2026 U.S. Dist. LEXIS 135938, *7 (June 18, 2026) (fee award of one-third "is typical in this Circuit") (Broderick J.);

3

*Villanueva*, No. 16-cv-8782 (AJN), 2018 U.S. Dist. LEXIS 116379, at *8 (S.D.N.Y. July 12, 2018) ("Courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases.") *Chung v. Brooke's Homecare LLC*, No. 17-CV-2534 (AJN), 2018 U.S. Dist. LEXIS 80098, at *4 (S.D.N.Y. May 10, 2018) ("Courts routinely award 33.33% of a settlement fund as a reasonable fee in FLSA cases.").

To the extent that the Court deems a "lodestar" crosscheck appropriate, Plaintiffs' counsel's lodestar is $18,812.50, as set forth in the chart below, which summarizes the time from Plaintiffs' counsels' time records which are attached as Exhibit 3.

| Biller[2] | Hours | Rate | Total Billed |
|---|---|---|---|
| D. Maimon Kirschenbaum | 3.3 | $500 | $1,650 |
| Josef Nussbaum | 31.4 | $500 | $15,700 |
| Denise A. Schulman | 1.2 | $500 | $600 |
| Paralegals | 6.9 | $125 | $862.5 |
| **TOTALS** | | **-** | **$5,925** |

The requested fee represents a lodestar multiplier of 1.06 which is well within the range of fees approved by this Court and other Courts in this Circuit. E.g., *Cruz v. Jos Concept LLC*, No. 16-CV8377 (VSB), 2017 U.S. Dist. LEXIS 139079, at *6-7 (S.D.N.Y. Aug. 26, 2017) ("Nevertheless, an award of $6,600 does not constitute a windfall for Plaintiff's counsel, and appears to be reasonable compensation for the work put into this case. In addition, the requested attorney's fees represent a 2.0 multiplier of the lodestar amount, which is a relatively low multiplier as 'lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District.'") (citation omitted) (Broderick J.).

For the foregoing reasons, Plaintiffs respectfully request that the Court approve the Parties' Agreement and "so order" the stipulation of dismissal.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

---

[2] Mr. Kirschenbaum graduated from Fordham University School of Law in 2005 and has worked at Joseph & Kirschenbaum LLP ("JK") since then. JK is a law firm dealing almost exclusively with employee rights. Specifically, the firm represents employees in wage/hour and employment discrimination matters. As a result of his accomplishments, he became a member/partner of the firm in May 2007, and he currently manages the firm. Ms. Schulman received her J.D. from NYU School of Law, *cum laude*, in 2008 and joined JK in January 2009. She was an associate at JK until February 2017, when she became a partner. Mr. Nussbaum graduated from McGill University's Faculty of Law in 2009 and joined JK in 2011. In January 2020, he was named partner of the firm.

Mr. Kirschenbaum, Ms. Schulman and the undersigned have all been approved by courts at an hourly rate of $500 per hour. *See, e.g., Chakma v. Sushi Katsuei, Inc.*, 23 Civ. 7804 (KPF) 2026 U.S. Dist. LEXIS 111065, *37 (S.D.N.Y. May 19, 2026) (collecting cases). Finally, this Court has found that a rate of $125 per hour for paralegals in FLSA cases is "reasonable." *E.g., Rosario v. Marper Terminal Servs. Corp.*, No. 24-CV-4511 (VSB), 2025 U.S. Dist. LEXIS 184025, *8 (S.D.N.Y. Sept. 18, 2025)

_/s/ Josef Nussbaum_

Josef Nussbaum
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640

cc: All Counsel of Record (via ECF)